UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JEFFREY DIEFFENBACH      :
              :
  v.           :  C.A. No. 20-413-MSM-PAS
              :
GREENLEAF COMPASSIONATE CARE  :
CENTER, INC.         :

## ANSWER

Now comes Defendant, Greenleaf Compassionate Care Center, Inc. ("Greenleaf"), and for its Answer to Plaintiff's Complaint hereby states as follows:

With respect to the unnumbered introductory paragraph set forth in the Complaint, Greenleaf admits that Plaintiff has commenced an action and asserted various claims; however, to the extent the introductory paragraph avers that Greenleaf committed any unlawful employment practices, all such allegations are denied.

## PARTIES

1. Greenleaf admits that Plaintiff formerly worked for the company.  Greenleaf is without sufficient knowledge or information to either admit or deny the remaining allegations set forth in Paragraph 1 of the Complaint and leaves Plaintiff to his proof.

2. Greenleaf admits the allegations set forth in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Greenleaf admits the allegations set forth in Paragraph 3 of the Complaint.

4. Greenleaf admits the allegations set forth in Paragraph 4 of the Complaint.

5. Greenleaf admits the allegations set forth in Paragraph 5 of the Complaint.

## ADMINISTRATIVE PROCEDURES

6. Greenleaf admits the allegations set forth in Paragraph 6 of the Complaint.

7.      Greenleaf admits the allegations set forth in Paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, Greenleaf admits the allegations set forth in Paragraph 8.

## FACTUAL ALLEGATIONS

9.      Greenleaf denies the allegations set forth in Paragraph 9 of the Complaint and leaves Plaintiff to his proof.

10.     Greenleaf denies the allegations set forth in Paragraph 10 of the Complaint and leaves Plaintiff to his proof.

11.     Greenleaf admits the allegations set forth in Paragraph 11 of the Complaint.

12.     Greenleaf denies the allegations set forth in Paragraph 12 of the Complaint and leaves Plaintiff to his proof.

13.     Greenleaf admits that it initially paid Plaintiff $30.00 per hour for 10 hours a week, that his work hours subsequently increased, and that at the time of his termination Plaintiff was being paid a salary of $90,000.00 annually.  The remaining allegations set forth in Paragraph 13 of the Complaint are denied.

14.     Greenleaf admits the allegations set forth in Paragraph 14 of the Complaint.

15.     Greenleaf admits that it is registered with the State of Rhode Island as a non-profit corporation.  The remaining allegations set forth in Paragraph 15 of the Complaint constitute a legal conclusion as to which no response is required.  To the extent a response is required, the remaining allegations set forth in Paragraph 15 are denied.

16.     Greenleaf denies the allegations set forth in Paragraph 16 of the Complaint and leaves Plaintiff to his proof.

17.     Greenleaf denies the allegations set forth in Paragraph 17 of the Complaint and leaves Plaintiff to his proof.

18.     Greenleaf is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 18 of the Complaint; the allegations are therefore denied.

19.     Greenleaf is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 19 of the Complaint; the allegations are therefore denied.

20.     Greenleaf is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 20 of the Complaint; the allegations are therefore denied.

21.     Greenleaf is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 21 of the Complaint; the allegations are therefore denied.

22.     Greenleaf denies the allegations set forth in Paragraph 22 of the Complaint and leaves Plaintiff to his proof.

23.     Greenleaf denies the allegations set forth in Paragraph 23 of the Complaint and leaves Plaintiff to his proof.

24.     Greenleaf denies the allegations set forth in Paragraph 24 of the Complaint and leaves Plaintiff to his proof.

25.     Greenleaf denies the allegations set forth in Paragraph 25 of the Complaint and leaves Plaintiff to his proof.

26.     Greenleaf denies the allegations set forth in Paragraph 26 of the Complaint and leaves Plaintiff to his proof.

27.     Greenleaf denies the allegations set forth in Paragraph 27 of the Complaint and leaves Plaintiff to his proof.

28.     Greenleaf admits the allegations set forth in Paragraph 28 of the Complaint.

3

29.     Greenleaf denies the allegations set forth in Paragraph 29 of the Complaint and leaves Plaintiff to his proof.

30.     Greenleaf denies the allegations set forth in Paragraph 30 of the Complaint and leaves Plaintiff to his proof.

31.     Greenleaf admits that in or about January 2018, Plaintiff introduced Dr. Bock to a potential buyer for Greenleaf.  Greenleaf denies the remaining allegations set forth in Paragraph 31 of the Complaint and leaves Plaintiff to his proof.

32.     Greenleaf denies the allegations set forth in Paragraph 32 of the Complaint and leaves Plaintiff to his proof.

33.     Greenleaf denies the allegations set forth in Paragraph 33 of the Complaint and leaves Plaintiff to his proof.

34.     Greenleaf denies the allegations set forth in Paragraph 34 of the Complaint and leaves Plaintiff to his proof.

35.     Greenleaf admits that Mr. Radebach refused to share GCV's online banking information with Plaintiff.  Greenleaf denies the remaining allegations set forth in Paragraph 35 of the Complaint and leaves Plaintiff to his proof.

36.     Greenleaf denies the allegations set forth in Paragraph 36 of the Complaint and leaves Plaintiff to his proof.

37.     Greenleaf denies the allegations set forth in Paragraph 37 of the Complaint and leaves Plaintiff to his proof.

38.     Greenleaf denies the allegations set forth in Paragraph 38 of the Complaint and leaves Plaintiff to his proof.

39.     Greenleaf denies the allegations set forth in Paragraph 39 of the Complaint and leaves Plaintiff to his proof.

40.     Greenleaf denies the allegations set forth in Paragraph 40 of the Complaint and leaves Plaintiff to his proof.

41.     Greenleaf denies the allegations set forth in Paragraph 41 of the Complaint and leaves Plaintiff to his proof.

42.     Greenleaf denies the allegations set forth in Paragraph 42 of the Complaint and leaves Plaintiff to his proof.

43.     Greenleaf is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 43 of the Complaint and leaves Defendant to his proof.  To the extent Paragraph 43 of the Complaint avers that Plaintiff was ever threatened or harassed during his employment at Greenleaf, all such allegations are denied.

44.     Greenleaf denies the allegations set forth in Paragraph 44 of the Complaint and leaves Plaintiff to his proof.

45.     Greenleaf denies the allegations set forth in Paragraph 45 of the Complaint and leaves Plaintiff to his proof.

46.     Greenleaf denies the allegations set forth in Paragraph 46 of the Complaint and leaves Plaintiff to his proof.

47.     Greenleaf denies the allegations set forth in Paragraph 47 of the Complaint and leaves Plaintiff to his proof.

48.     Greenleaf admits the allegations set forth in Paragraph 48 of the Complaint.

49.     Greenleaf admits the allegations set forth in Paragraph 49 of the Complaint.

50.     Greenleaf denies the allegations set forth in Paragraph 50 of the Complaint and leaves Plaintiff to his proof.

51.     Greenleaf admits that it subsequently re-engaged Ms. Lincoln to perform some bookkeeping duties on behalf of the company.  Greenleaf denies the remaining allegations set forth in Paragraph 51 of the Complaint and leaves Plaintiff to his proof.

52.     Greenleaf admits the allegations set forth in Paragraph 52 of the Complaint.

53.     Greenleaf denies the allegations set forth in Paragraph 53 of the Complaint and leaves Plaintiff to his proof.

54.     Greenleaf admits that an accounting firm produced a report with recommendations and requests for clarification as part of the prospective buyer's due diligence. Responding further, Greenleaf affirmatively states that the accounting firm did not visit Greenleaf and that the report speaks for itself.

55.     Greenleaf is without sufficient knowledge or information to either admit or deny what Plaintiff claims his thought process was at the time.  To the extent Paragraph 55 of the Complaint avers that Greenleaf provided false information to the IRS at any time, Greenleaf denies such allegations and leaves Plaintiff to his proof.

56.     Greenleaf never requested Plaintiff to perform any unlawful actions and therefore denies the allegations set forth in Paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint sets forth a conclusion of law as to which no response is required.  To the extent a response is required, Greenleaf denies the allegations contained in Paragraph 57.

58.     Greenleaf denies the allegations set forth in Paragraph 58 of the Complaint and leaves Plaintiff to his proof.

59.     Greenleaf denies the allegations set forth in Paragraph 59 of the Complaint and leaves Plaintiff to his proof.

60.     Greenleaf admits the allegations set forth in Paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint sets forth a conclusion of law as to which no response is required.  To the extent a response is required, Greenleaf denies the allegations contained in Paragraph 61.

62.     Greenleaf denies the allegations set forth in Paragraph 62 of the Complaint and leaves Plaintiff to his proof.

63.     Paragraph 63 of the Complaint sets forth a conclusion of law as to which no response is required.  To the extent a response is required, Greenleaf denies the allegations contained in Paragraph 63.  Responding further, Greenleaf affirmatively states that the allegations set forth in Paragraph 63 constitute violation of the attorney-client privilege.

64.     Greenleaf denies the allegations set forth in Paragraph 64 of the Complaint and leaves Plaintiff to his proof.

65.     Greenleaf is without sufficient knowledge or information to either admit or deny what perception Plaintiff may have formed.  The remaining allegations set forth in Paragraph 65 of the Complaint are denied.

66.     Greenleaf admits that Plaintiff raised concerns about potentially misleading the IRS.  Greenleaf affirmatively states that Plaintiff's concern was unfounded.  Greenleaf is without sufficient knowledge or information to either admit or deny what Plaintiff's perception was regarding legal compliance.

67.     Greenleaf admits that Plaintiff reported concerns he had regarding Mr. Radebach. Greenleaf affirmatively states that Plaintiff's concerns were considered and addressed.  To the

extent Paragraph 67 of the Complaint avers that Mr. Radebach was engaged in illegal activities and/or in violation of his fiduciary duties to Greenleaf at any time, Greenleaf denies such allegations.

68.     Greenleaf denies the allegations set forth in Paragraph 68 of the Complaint and leaves Plaintiff to his proof.

69.     Greenleaf denies the allegations set forth in Paragraph 69 of the Complaint and leaves Plaintiff to his proof.

70.     Greenleaf denies the allegations set forth in Paragraph 70 of the Complaint and leaves Plaintiff to his proof.

71.     Greenleaf admits that some of Plaintiff's job duties and responsibilities were reduced and/or reassigned to others.  Greenleaf denies the remaining allegations set forth in Paragraph 71 of the Complaint and leaves Plaintiff to his proof.

72.     Greenleaf denies the allegations set forth in Paragraph 72 of the Complaint and leaves Plaintiff to his proof.

73.     Greenleaf admits the allegations set forth in Paragraph 73 of the Complaint.

74.     Greenleaf denies the allegations set forth in Paragraph 74 of the Complaint and leaves Plaintiff to his proof.

75.     Greenleaf denies the allegations set forth in Paragraph 75 of the Complaint and leaves Plaintiff to his proof.

76.     Greenleaf denies the allegations set forth in Paragraph 76 of the Complaint and leaves Plaintiff to his proof.

77.     Greenleaf denies the allegations set forth in Paragraph 77 of the Complaint and leaves Plaintiff to his proof.

78.     Greenleaf denies the allegations set forth in Paragraph 78 of the Complaint and leaves Plaintiff to his proof.

79.     Greenleaf is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 79 of the Complaint and leaves Defendant to his proof.

80.     Greenleaf denies the allegations set forth in Paragraph 80 of the Complaint and leaves Plaintiff to his proof.

81.     Greenleaf denies the allegations set forth in Paragraph 81 of the Complaint and leaves Plaintiff to his proof.

82.     Greenleaf denies the allegations set forth in Paragraph 82 of the Complaint and leaves Plaintiff to his proof.

83.     Greenleaf denies the allegations set forth in Paragraph 83 of the Complaint and leaves Plaintiff to his proof.

84.     Greenleaf denies the allegations set forth in Paragraph 84 of the Complaint and leaves Plaintiff to his proof.

85.     Greenleaf denies the allegations set forth in Paragraph 85 of the Complaint and leaves Plaintiff to his proof.

86.     Greenleaf denies the allegations set forth in Paragraph 86 of the Complaint and leaves Plaintiff to his proof.

87.     Greenleaf denies the allegations set forth in Paragraph 87 of the Complaint and leaves Plaintiff to his proof.

88.     Greenleaf denies the allegations set forth in Paragraph 88 of the Complaint and leaves Plaintiff to his proof.

89.     Greenleaf admits that Plaintiff made a complaint about Ms. Gardner to Mr. Carlone.  To the extent Paragraph 89 of the Complaint avers that Plaintiff's complaint about Ms. Gardner had merit, Greenleaf denies such allegations and leaves Plaintiff to his proof.

90.     Greenleaf admits that Plaintiff made a complaint about Ms. Gardner to Mr. Carlone.  To the extent Paragraph 90 of the Complaint avers that Plaintiff's complaint about Ms. Gardner had merit, Greenleaf denies such allegations and leaves Plaintiff to his proof.

91.     Greenleaf denies the allegations set forth in Paragraph 91 of the Complaint and leaves Plaintiff to his proof.

92.     Greenleaf is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 92 of the Complaint and leaves Defendant to his proof.

93.     Greenleaf denies the allegations set forth in Paragraph 93 of the Complaint and leaves Plaintiff to his proof.

94.     Greenleaf denies the allegations set forth in Paragraph 94 of the Complaint and leaves Plaintiff to his proof.

95.     Greenleaf denies the allegations set forth in Paragraph 95 of the Complaint and leaves Plaintiff to his proof.

96.     Greenleaf admits that Plaintiff expressed his self-serving opinion that Ms. Lincoln should not be hired.  Greenleaf denies that Plaintiff's opinion was "overruled," as he was not asked to opine on whether or not Ms. Lincoln should be hired.

97.     Greenleaf admits the allegations set forth in Paragraph 97 of the Complaint.

98.     Greenleaf denies the allegations set forth in Paragraph 98 of the Complaint and leaves Plaintiff to his proof.

99.     Greenleaf denies the allegations set forth in Paragraph 99 of the Complaint and leaves Plaintiff to his proof.

100.     Greenleaf admits that Plaintiff made a written complaint against Ms. Gardner via email to Mr. Carlone on January 9, 2020.  Greenleaf denies that the complaint contained any facts to support his claim of age and perceived disability discrimination.  Responding further, Greenleaf affirmatively states that Plaintiff's complaint about Ms. Gardner was not forwarded to Dr. Bock or Mr. Radebach or otherwise made known to either of them until after Plaintiff's employment had already been terminated.

101.     Greenleaf admits the allegations set forth in Paragraph 101 of the Complaint.

102.     Greenleaf admits that on January 10, 2020, Plaintiff complained to Ms. Napolitano that in his unsolicited opinion, Ms. Lincoln was not appropriate for the payroll role at Greenleaf.  To the extent that Paragraph 102 of the Complaint avers that either Ms. Lincoln or Mr. Radebach engaged in any wrongdoing, Greenleaf denies such allegations and leaves Plaintiff to his proof.

103.     Greenleaf denies the allegations set forth in Paragraph 103 of the Complaint and leaves Plaintiff to his proof.

104.     Greenleaf admits the allegations set forth in Paragraph 104 of the Complaint.

105.     Greenleaf denies the allegations set forth in Paragraph 105 of the Complaint and leaves Plaintiff to his proof.

106.     Greenleaf denies the allegations set forth in Paragraph 106 of the Complaint and leaves Plaintiff to his proof.

107.     Greenleaf denies the allegations set forth in Paragraph 107 of the Complaint and leaves Plaintiff to his proof.

108.    Greenleaf admits that Dr. Bock informed Plaintiff of the company's decision to terminate his employment due to unsatisfactory work performance during the morning of January 13, 2020.  Greenleaf also admits that Dr. Bock indicated to Plaintiff that he had some paperwork for him.  The remaining allegations set forth in Paragraph 108 of the Complaint are denied.

109.    Greenleaf denies the allegations set forth in Paragraph 109 of the Complaint and leaves Plaintiff to his proof.

110.    Greenleaf denies the allegations set forth in Paragraph 110 of the Complaint and leaves Plaintiff to his proof.

111.    Greenleaf admits that Plaintiff was terminated during the morning of January 13, 2020.  Greenleaf further admits that Plaintiff did not meet with Ms. Napolitano and Mr. Carlone that day.  Greenleaf denies the remaining allegations set forth in Paragraph 111 of the Complaint and leaves Plaintiff to his proof.

112.    Greenleaf denies the allegations set forth in Paragraph 112 of the Complaint and leaves Plaintiff to his proof.

113.    Greenleaf denies the allegations set forth in Paragraph 113 of the Complaint and leaves Plaintiff to his proof.

114.    Greenleaf denies the allegations set forth in Paragraph 114 of the Complaint and leaves Plaintiff to his proof.

115.    Greenleaf denies the allegations set forth in Paragraph 115 of the Complaint and leaves Plaintiff to his proof.

116.    Greenleaf denies the allegations set forth in Paragraph 116 of the Complaint and leaves Plaintiff to his proof.

117.    Greenleaf admits that Dr. Bock represented publicly, and under oath, that during his employment, Plaintiff unilaterally gave himself the title of General Counsel of Greenleaf without having authority or permission to do so.  Greenleaf further admits that Dr. Bock accurately represented that Plaintiff was not licensed as an attorney in the State of Rhode Island Greenleaf denies the remaining allegations set forth in Paragraph 117 of the Complaint.

118.    Greenleaf denies the allegations set forth in Paragraph 118 of the Complaint and leaves Plaintiff to his proof.

119.    Greenleaf denies the allegations set forth in Paragraph 119 of the Complaint and leaves Plaintiff to his proof.

120.    Greenleaf admits that Plaintiff demanded a retraction from Dr. Bock, but Dr. Bock and Greenleaf have declined to retract the statements contained in Dr. Bock's affidavit because the statements are true.  Greenleaf denies the remaining allegations contained in Paragraph 120 of the Complaint.

121.    Greenleaf admits that it and Dr. Bock have not retracted the true statements contained in Dr. Bock's affidavit and Greenleaf's position statement in response to Plaintiff's charge of discrimination.  Greenleaf denies the remaining allegations contained in Paragraph 121 of the Complaint.

122.    Greenleaf denies the allegations set forth in Paragraph 122 of the Complaint and leaves Plaintiff to his proof.

## COUNT ONE

123.    Defendant repeats and incorporates each and every response to Paragraphs 1 through 122 of the Complaint as if fully set forth herein.

124.    Paragraph 124 of the Complaint sets forth a legal conclusion as to which no response is required.

125.     Greenleaf denies the allegations set forth in Paragraph 125 of the Complaint and leaves Plaintiff to his proof.

126.     Greenleaf denies the allegations set forth in Paragraph 126 of the Complaint and leaves Plaintiff to his proof.

127.     Greenleaf denies the allegations set forth in Paragraph 127 of the Complaint and leaves Plaintiff to his proof.

128.     Greenleaf denies the allegations set forth in Paragraph 128 of the Complaint and leaves Plaintiff to his proof.

129.     Greenleaf denies the allegations set forth in Paragraph 129 of the Complaint and leaves Plaintiff to his proof.

130.     Greenleaf denies the allegations set forth in Paragraph 130 of the Complaint and leaves Plaintiff to his proof.

131.     Greenleaf denies the allegations set forth in Paragraph 131 of the Complaint and leaves Plaintiff to his proof.

132.     Greenleaf denies the allegations set forth in Paragraph 132 of the Complaint and leaves Plaintiff to his proof.

133.     Paragraph 133 of the Complaint sets forth a legal conclusion as to which no response is required.

134.     Paragraph 134 of the Complaint does not contain any allegations of fact to which a response is required.

**COUNT TWO**

135.     Defendant repeats and incorporates each and every response to Paragraphs 1 through 134 of the Complaint as if fully set forth herein.

136.    Paragraph 136 of the Complaint sets forth a legal conclusion as to which no response is required.

137.    Greenleaf denies the allegations set forth in Paragraph 137 of the Complaint and leaves Plaintiff to his proof.

138.    Greenleaf denies the allegations set forth in Paragraph 138 of the Complaint and leaves Plaintiff to his proof.

139.    Greenleaf denies the allegations set forth in Paragraph 139 of the Complaint and leaves Plaintiff to his proof.

140.    Greenleaf denies the allegations set forth in Paragraph 140 of the Complaint and leaves Plaintiff to his proof.

141.    Greenleaf denies the allegations set forth in Paragraph 141 of the Complaint and leaves Plaintiff to his proof.

142.    Greenleaf denies the allegations set forth in Paragraph 142 of the Complaint and leaves Plaintiff to his proof.

143.    Greenleaf denies the allegations set forth in Paragraph 143 of the Complaint and leaves Plaintiff to his proof.

144.    Greenleaf denies the allegations set forth in Paragraph 144 of the Complaint and leaves Plaintiff to his proof.

145.    Paragraph 145 of the Complaint sets forth a legal conclusion as to which no response is required.

146.    Paragraph 146 of the Complaint does not contain any allegations of fact to which a response is required.

**COUNT THREE**

147.    Defendant repeats and incorporates each and every response to Paragraphs 1 through 146 of the Complaint as if fully set forth herein.

148.    Paragraph 148 of the Complaint sets forth a legal conclusion as to which no response is required.

149.    Greenleaf denies the allegations set forth in Paragraph 149 of the Complaint and leaves Plaintiff to his proof.

150.    Greenleaf denies the allegations set forth in Paragraph 150 of the Complaint and leaves Plaintiff to his proof.

151.    Greenleaf denies the allegations set forth in Paragraph 151 of the Complaint and leaves Plaintiff to his proof.

152.    Greenleaf denies the allegations set forth in Paragraph 152 of the Complaint and leaves Plaintiff to his proof.

153.    Greenleaf denies the allegations set forth in Paragraph 153 of the Complaint and leaves Plaintiff to his proof.

154.    Greenleaf denies the allegations set forth in Paragraph 154 of the Complaint and leaves Plaintiff to his proof.

155.    Greenleaf denies the allegations set forth in Paragraph 155 of the Complaint and leaves Plaintiff to his proof.

156.    Greenleaf denies the allegations set forth in Paragraph 156 of the Complaint and leaves Plaintiff to his proof.

157.    Paragraph 157 of the Complaint sets forth a legal conclusion as to which no response is required.

## COUNT FOUR

158.   Defendant repeats and incorporates each and every response to Paragraphs 1 through 157 of the Complaint as if fully set forth herein.

159.   Paragraph 159 of the Complaint sets forth a legal conclusion as to which no response is required.

160.   Greenleaf denies the allegations set forth in Paragraph 160 of the Complaint and leaves Plaintiff to his proof.

161.   Greenleaf denies the allegations set forth in Paragraph 161 of the Complaint and leaves Plaintiff to his proof.

162.   Greenleaf denies the allegations set forth in Paragraph 162 of the Complaint and leaves Plaintiff to his proof.

163.   Greenleaf denies the allegations set forth in Paragraph 163 of the Complaint and leaves Plaintiff to his proof.

164.   Greenleaf denies the allegations set forth in Paragraph 164 of the Complaint and leaves Plaintiff to his proof.

165.   Greenleaf denies the allegations set forth in Paragraph 165 of the Complaint and leaves Plaintiff to his proof.

166.   Greenleaf denies the allegations set forth in Paragraph 166 of the Complaint and leaves Plaintiff to his proof.

167.   Greenleaf denies the allegations set forth in Paragraph 167 of the Complaint and leaves Plaintiff to his proof.

168.   Paragraph 168 of the Complaint sets forth a legal conclusion as to which no response is required.

## COUNT FIVE

169.     Defendant repeats and incorporates each and every response to Paragraphs 1 through 168 of the Complaint as if fully set forth herein.

170.     Paragraph 170 of the Complaint sets forth a legal conclusion as to which no response is required.

171.     Paragraph 171 of the Complaint sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Greenleaf denies the allegations contained in Paragraph 171.

172.     Greenleaf denies the allegations set forth in Paragraph 172 of the Complaint and leaves Plaintiff to his proof.

173.     Greenleaf denies the allegations set forth in Paragraph 173 of the Complaint and leaves Plaintiff to his proof.

174.     Greenleaf denies the allegations set forth in Paragraph 174 of the Complaint and leaves Plaintiff to his proof.

175.     Greenleaf denies the allegations set forth in Paragraph 175 of the Complaint and leaves Plaintiff to his proof.

176.     Greenleaf denies the allegations set forth in Paragraph 176 of the Complaint and leaves Plaintiff to his proof.

177.     Greenleaf denies the allegations set forth in Paragraph 177 of the Complaint and leaves Plaintiff to his proof.

178.     Greenleaf denies the allegations set forth in Paragraph 178 of the Complaint and leaves Plaintiff to his proof.

179.     Paragraph 179 of the Complaint sets forth a legal conclusion as to which no response is required.

## PRAYER FOR RELIEF

Responding to the unnumbered "WHEREFORE" line and subparts (a) through (h) which follow the Complaint, Greenleaf denies that Plaintiff is entitled to any of the relief requested therein or to any relief whatsoever.

## DEMAND FOR JURY TRIAL

Plaintiff's demand for a jury trial is not a factual allegation to which Defendant must provide a response.

## GENERAL DENIAL

Defendant denies any factual allegation not expressly admitted herein.

## ADDITIONAL DEFENSES

### Second Defense

The Complaint fails to state a claim upon which relief can be granted.

### Third Defense

Every action taken by Greenleaf with respect to Plaintiff was taken in good faith and for legitimate, non-discriminatory, and non-retaliatory reasons.

### Fourth Defense

The alleged acts of Greenleaf complained of in the Complaint were neither the cause in fact nor the legal cause of any injuries allegedly suffered by Plaintiff.

### Fifth Defense

Plaintiff has failed to properly mitigate his damages, and any damages he may be awarded are subject to reduction on account thereof.

### Sixth Defense

To the extent that Plaintiff alleges that he was retaliated against, Plaintiff cannot establish that he engaged in protected activity.

## Seventh Defense

Plaintiff was never subjected to any form of unlawful treatment.

## Eighth Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

## Ninth Defense

Plaintiff's claims are barred by the doctrine of estoppel.

## Tenth Defense

Without authorization or approval, Plaintiff breached Greenleaf's attorney-client privilege with respect to privileged communications between Greenleaf and its counsel.

## Eleventh Defense

Greenleaf hereby gives notice that it intends to rely upon any other defense that may become available or appear during or as a result of discovery proceedings in this action, and reserves its right to amend its Answer to assert each such defense or defenses.

**WHEREFORE**, Defendant respectfully requests that this Court deny Plaintiff all of the relief he seeks, enter judgment in favor of Defendant, and award Defendant its attorneys' fees and costs for defending this action.

Defendant,
GREENLEAF COMPASSIONATE CARE
CENTER, INC.
By its attorneys,

*/s/ Michael D. Chittick*
MICHAEL D. CHITTICK (#5967)
mchittick@apslaw.com
LESLIE D. PARKER (#8348)
lparker@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI  02903-1345
Tel:  401-274-7200/Fax:  401-751-0604
Dated:  November 18, 2020

20

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on November 18, 2020, a true copy of the within was filed electronically via the Court's CM/ECF System.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and the filing is available for viewing and downloading from the Court's CM/ECF System.  Service on the counsel of record listed below has been effectuated by electronic means.

Paige Munro-Delotto, Esq.
Munro-Delotto Law, LLC
400 Westminster Street, Suite 200
Providence, RI  02903
paige@pmdlawoffices.com

*/s/ Michael D. Chittick*

1037138.v1